UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MARC DELIT, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Civil No. 05-132-B-W |
| | ) | |
| SHERIFF, PENOBSCOT COUNTY, | ) | |
| | ) | |
| Respondent | ) | |

**Recommended Decision**

Marc Delit, a prisoner at the Penobscot County Jail, has filed a habeas petition with this court claiming that he is being unlawfully detained in connection with "Penobscot County Court Case Number CR-052738." Since filing his original petition on August 26, 2005, Delit has filed numerous supplements and memorandum in "support" of the petition. Although Delit's filings have been voluminous, they actually provide little information about the reason for his current incarceration or the basis of his legal challenge to that incarceration. However, based upon my review of his pleadings it does not appear to me that he is attempting to challenge the validity of a state court judgment or sentence. Rather he appears to be challenging a judge's order that he be detained because he is unable to post the necessary security to obtain his pretrial release.

A review of Penobscot County Superior Court Docket No. 05-640, State of Maine v. Delit, the most serious case I can find currently pending against Delit, reveals that he is charged with eleven counts of aggravated forgery and one of theft by deception. The Superior Court records further indicate that he is indeed jailed because he has been unable to make bail on these charges. An attorney has been assigned to represent him

and the case is proceeding in the state court system.  Two obvious problems with Delit's petition spring to mind:  (1) he has made absolutely no showing that he has exhausted all available remedies in the courts of the State as required by 28 U.S.C. § 2254(b)(1); and (2) he has made no showing that the state court judge's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court as required by 28 U.S.C. § 2254(d).  The United States Supreme Court has held that bail is not excessive under the Eighth Amendment if it is "reasonably calculated" to ensure a defendant's appearance at trial and prevent his flight from the jurisdiction. Stack v. Boyle, 342 U.S. 1 (1951).

Based upon my review of these pleadings I recommend that the court summarily **DISMISS** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it plainly appears from the face of this petition that the petitioner is not entitled to relief in this court.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 26, 2005.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge